JOURNAL ENTRY AND OPINION
Defendant-appellant Vincent Boyd (Boyd; d.o.b. January 26, 1965) appeals from his jury-trial conviction of one count of assault on a police officer in violation of R.C. 2903.13, a felony of the fourth degree.[1] For the reasons adduced below, we affirm.
A review of the record on appeal indicates that on June 14, 1998, at approximately 5:00 p.m., Cleveland Police Officers Maria Stacho and Patty Kissinger responded to a call from a landlady at an apartment building. The landlady (Ms. Schulick) was attempting to serve a three-day eviction notice on Boyd, who was a tenant in the building, and the landlady wished to have a police presence on the scene in the event that an altercation developed.
The officers met the landlord and escorted her to the Boyd apartment. The landlady personally served the notice on Boyd, who threw the notice to the ground and became verbally abusive toward the landlady, at first, and then to the officers. The officers directed Boyd to stop the antics, calm down and go back into his apartment. The officers radioed for backup.
Cleveland Police Officers Holub and Pinder arrived as backup on the scene and performed a radio check to determine if any arrest warrants were outstanding on Boyd. The check revealed that a warrant was pending on Boyd. To assure the report was accurate, the police repeated the warrant check. When the result was corroborated, the officers arrested Boyd and began to escort the struggling Boyd to the patrol car outside, all the while enduring continued verbal abuse and profanities by Boyd. As the officers were attempting to place the handcuffed Boyd into the back seat of the patrol car, Boyd kicked the door open without warning, striking Officer Stacho (d.o.b. March 23, 1973) in her chest. The force of the door propelled Officer Stacho, who was wearing a bullet-proof vest at the time, backwards and knocked the wind out of her. Officer Stacho, who denied that Boyd's feet were lodged in the door at the time of the incident, was treated at MetroGeneral Hospital for chest contusions and tenderness and pain to her right shoulder, released, and prescribed Motrin for pain relief. Officer Stacho was on a medical leave from work for approximately one week following the incident.
Boyd's spouse, Lashun Smith-Boyd, testified on behalf of the defense. Mrs. Boyd claimed to have observed the arrest and also that Boyd's foot was stuck in the door opening of the patrol car. (Tr. 124.) Mrs. Boyd next testified that Boyd spent the next three days in jail and was released. Upon his release, she noted that he was limping and could not walk. She also allegedly observed bruising on his wrists caused by the handcuffs, and a bruise beginning to develop on his swollen ankle, and took him to the hospital for treatment. (Tr. 126.)
Boyd then testified on his own behalf that he cooperated with the police in every way, did not utter any profanities, and did not intentionally assault the officer. According to Boyd, his right foot became lodged in the door opening as he was being placed in the rear seat of the patrol car and he kicked the door a little with his right foot to free his foot. (Tr. 147, 164.) His left foot was not involved in the incident. (Tr. 164.) Boyd claimed that he was released from jail three days after his arrest and went to the hospital for treatment for his ankle and wrists.
Subsequent to the verdict against Boyd, the trial court sentenced him on April 5, 1999 to a term of twelve months, with credit for time served, and a fine of $5,000.00.
This delayed appeal presents two assignments of error for review.
The first assignment of error provides:
 I THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL AS THERE WAS INSUFFICIENT EVIDENCE ON THE ESSENTIAL ELEMENTS OF THE CRIMES CHARGED.
In this case, the testimony was in direct conflict as to whether Boyd's legs were inside the car at the time the door was kicked by Boyd. The prosecution's evidence indicated that Boyd's legs were not lodged in the door. The defense evidence indicated that Boyd's right ankle was lodged in the door and he kicked the door to free the ankle from the vise.
The standard of review for an assignment arguing insufficiency of the evidence was recently iterated by this appellate court inState v. Wilson (May 11, 2000), Cuyahoga App. No. 76218, unreported, 2000 WL 573180, at 2:
 "Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict." State v. Thompkins (1997), 78 Ohio St.3d 380, 387. When the appellant challenges the sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia (1979), 443 U.S. 307, 319; State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. A verdict will not be disturbed unless this court finds that reasonable minds could not reach the conclusion reached by the trier of fact. Id.
at 273.
In addition, we note that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230.
In the case sub judice, after viewing the evidence in a light most favorable to the prosecution, we conclude that reasonable minds could have reached the same conclusion as the jury; that Boyd knowingly caused, or attempted to cause, physical harm to Officer Stacho while she was engaged in the performance of her official duties.
The first assignment of error is overruled.
The second assignment of error provides:
 II THE APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
The standard of review for an assignment arguing manifest weight of the evidence in a criminal case was recently enunciated by this appellate court in State v. Norman (April 6, 2000), Cuyahoga App. No. 76140, unreported, 2000 WL 354743, at 8:
 To determine whether a conviction is against the manifest weight of the evidence:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
 Thompkins, supra, at 387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175.
Having reviewed the record on appeal, we cannot conclude that the jury clearly lost its way or created a miscarriage of justice in finding Boyd guilty of the offense charged. The evidence, depending upon which version one believed, supported both sides. In spite of the medical evidence suggesting that Boyd's right ankle was bruised three days after the incident when he was treated at the hospital, the jury could conclude to discount this evidence and believe that this injury was caused subsequent to the incident while Boyd was incarcerated prior to making bond. Certainly, the police testimony was adamant that Boyd's legs were not in the way of the closing door. The jury, faced with this competing evidence, chose to believe the prosecution.
The second assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J., and LEO M. SPELLACY, J., CONCUR.
 ________________________ JAMES D. SWEENEY, JUDGE
[1] R.C. 2903.13 provides in pertinent part the following:
 (A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.
 (B) No person shall recklessly cause serious physical harm to another or another's unborn.
 (C) Whoever violates this section is guilty of assault. Except as otherwise provided in division (C)(1), (2), or (3) of this section, assault is a misdemeanor of the first degree.
* * *
 (3) If the victim of the offense is a peace officer, * * * while in the performance of their official duties, assault is a felony of the fourth degree.